B. Otis Felder SBN 177628
Otis.Felder@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 443-5100
Facsimile:   (213) 443-5101

Attorneys for Defendant Jeff Schyman
Erroneously sued as SCHYMAN FAMILY TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VEDA HOUNGVIENGKHAM, | ) Case No.:  2:22-cv-04549-GW-RAO |
|---|---|
| Plaintiff, | ) |
| v. | ) Hon. George H. Wu |
| | ) |
| SCHYMAN FAMILY TRUST, and DOES 1 through 100, Inclusive, | ) **MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT JEFF SCHYMAN IN SUPPORF OF MOTION FOR SUMMARY JUDGMENT DISMISSING ACTION BASED ON LACK OF BREACH OF DUTY AND SUPERSEDING CAUSE ARISING FROM CRIMINAL ACTS BY NONPARTIES** |
| Defendants. | ) |
| | ) Hearing Date:  Monday, April 17, 2023 |
| | ) Hearing Time:  8:30 a.m. |
| | ) Hearing Dept.:  Courtroom 9D |
| | ) |
| | ) Action Filed: July 3, 2022 |
| | ) Court Trial: June 27, 2023 |

**A.   Introduction**

This case arises from the tragic assault, battery, and robbery of Plaintiff VEDA HOUNGVIENGKHAM allegedly by non-party Sade Keaira Turner and another in the early morning of January 18, 2020 at 545 N. Hayworth Avenue, Los

1

Angeles where Plaintiff used to reside. [See Complaint at p.5, ECF No. 1-1]. Due to a lack of evidence, the Los Angeles District Attorney dropped the charges against Turner. Instead of suing her, Plaintiff is pursuing this action for negligence on a premises liability theory against Defendant JEFF SCHYMAN, a trustee of "SCHYMAN FAMILY TRUST," the owner of the apartment building outside of which the criminal acts occurred. For the reasons explained before, there are no genuine issues of material fact requiring trial, where in this case, it is undisputed the criminal acts of nonparties were the cause of Plaintiff's injuries, such criminal acts being unforeseeable as well as being superseding cause. Accordingly, Defendant seeks an order granting summary judgment in his favor and dismissing the action.

**B. Procedural Background**

Plaintiff initiated this action by filing her Complaint in the Los Angeles Superior Court on Sept. 29, 2021 (Complaint, ECF No. 1-1). Although he had not been properly named or served, Defendant Jeff Schyman remove the proceedings to federal court (Notice of Removal, ECF No. 1). Defendant then moved to dismiss under Fed. R. Civ. P., Rule 12(b)(4), (5), (6) & (7) based on insufficient process, insufficient service of process, failure to state a claim, and failure to join a party as required by Rule 19, or alternatively for a more definite statement under Rule 12(e). (Motion to Dismiss, ECF No. 11). Although Plaintiff did not oppose the motion, she sought leave to file an amended complaint correcting the Defendant's name to Jeff Schyman. (Motion to Amend, ECF No. 12). While the Court granted the motion to amend (Order, ECF No. 22), Plaintiff failed to file an Amended Complaint. Nonetheless, Defendant filed an Answer on February 13, 2023 (Answer, ECF No. 23), denying the allegations and asserting various defenses. On March 1, 2023, Plaintiff filed a motion to file a Second Amended Complaint making the same general allegations but attempting to add Garry M. Schyman as Trustee of the Schyman Separate Property Trust so as to attempt to destroy the Court's subject matter jurisdiction based on diversity. (2nd Motion to Amend, ECF No. 25).

**C.    Undisputed Material Facts ("UMF")**

Defendant submits the following eight, material facts are undisputed:

1. Plaintiff Veda Houngviengkham, as Renter, entered into a Lease with Schyman Family Trust, as owner, of the premises located at 545 N. Hayworth Ave., Los Angeles, CA (the "Premises") on about July 1, 2019.  (See also Defendant's Separate Statement of Uncontroverted Facts and Conclusions of Law, **UMF No. 1** (Supported by Jeff Schyman Decl. at ¶ 3 & Exh. A, thereto; see also Felder Decl. at ¶ 3)).

2. Paragraph 10 of the Lease provides that "Renter understands that the Premises are not in a full security complex and that Owner does not guarantee to employ security personnel to patrol the Premises to provide for Renter's safety." (**UMF No. 2** (Supported by Jeff Schyman Decl. at ¶ 4 & Exh. A, p. 3, ¶ 10, thereto; see also Felder Decl. at ¶ 3)).

3. The Standard Security Deposit Agreement also provides at paragraph 8 that "Renter understands that the Premises are not in a full security complex and that Owner does not guarantee to employ security personnel to patrol the Premises to provide for Renter's safety."  (**UMF No. 3** (Supported by Jeff Schyman Decl. at ¶ 5 & Exh. A, p. 5, ¶ 8, thereto; see also Felder Decl. at ¶ 3)).

4. Paragraph 10 of the Lease also provides that "Each Renter assumes the risk of residing on the premises for himself or herself, his/her or their children and/or personal property without recourse against the Owner or Manager of the Premises." (**UMF No. 4** (Supported by Jeff Schyman Decl. at ¶ 4 & Exh. A, p. 3, ¶ 10, thereto; see also Felder Decl. at ¶ 3)).

5. The Standard Security Deposit Agreement also provides at paragraph 8 that "Each Renter assumes the risk of residing on the premises for himself or herself, his/her or their children and/or personal property without recourse against the Owner or Manager of the Premises." (**UMF No. 5** (Supported by Jeff Schyman Decl. at ¶ 5 & Exh. A, p. 5, ¶ 8, thereto; see also Felder Decl. at ¶ 3.)

6. On Jan. 18, 2020 at 4:30 a.m., Plaintiff returned from work to the premises. (**UMF No. 6** (Supported by Plaintiff's Complaint (ECF No. 1-1) attached as Exh. B to Felder Decl., at pp. 4-5.)).

7. When Plaintiff parked her car at the garage of the property where she resided, two individuals assaulted, battered, and robbed her. (**UMF No. 7** (Supported by Plaintiff's Complaint (ECF No. 1-1) attached as Exh. B to Felder Decl., at pp. 4-5.)).

8. Before this incident, Defendant was not aware of any other similar incidents at the Premises. (**UMF No. 8** (Supported by Jeff Schyman Decl. at ¶ 6.)

**D.    Discussion**

**1.    Summary Judgment Standard.**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis upon which the trier of fact could find for the nonmoving party, and a fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *See Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or declarations that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324 & 326. The Court then may grant summary judgment on all or part of the claim, if Plaintiff does not proffer admissible evidence creating a material dispute. *See id.* at 325.

/ / /

To defeat a summary judgment motion, the non-moving party may not merely rely on her pleadings or on her own conclusory statements. *Id.* Nor may she merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, she must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 324. The failure to furnish proof establishing an essential element of her case renders all other facts immaterial. *Id.* at 322-33.

## 2. Plaintiff Cannot Prove Defendant Breached Any Duty.

Based on the undisputed evidence in this case, Plaintiff cannot prove Defendant was negligent as the criminal acts of nonparties are unforeseeable as a matter of law. Rinehart v. Boys & Girls Club of Chula Vista, 133 Cal.App.4th 419, 431 (2005) citing Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4th 666, 677-679 (1993). It is undisputed in this case that Plaintiff was attacked by nonparties when she was returning home from work in the early morning. See **UMF No. 7**. There is no evidence that Defendant knew or should have known of any previous similar incidents. See **UMF No. 8**.

In cases such as this, the California Supreme Court has observed that "random, violent crime is endemic in today's society[, and i]t is difficult, if not impossible, to envision any locale open to the public where the occurrence of violent crime seems improbable." (Ann M., supra, 6 Cal.4th at p. 678). It has also reiterated that landowners are not insurers of public safety and will have no duty to provide highly burdensome measures of protection absent a showing of a high degree of foreseeability of the particular type of harm, which normally requires evidence of prior similar incidents of violent crime on the premises. Rinehart, 133 Cal.App.4th at 431 (citing Ann M., supra, 6 Cal.4th 666, 677-679). In other words, "[t]he dispositive issue remains the foreseeability of the criminal act. Absent foreseeability of the particular criminal conduct, there is no duty to protect the

plaintiff from that particular type of harm." Rinehart, supra, 133 Cal.App.4th at 431 citing Alvarez v. Jacmar Pacific Pizza Corp., 100 Cal.App.4th 1190, 1212 (2002).

For example, Alvarez, supra, involved the commercial enterprise's liability for a murder committed at its Shaky Pizza restaurant on Sunset Boulevard in Hollywood. 100 Cal. App. 4th at 892. In that case, Carlos Alvarez went with a group of friends to eat at the restaurant, and after they ordered their food, a group of three intoxicated men at a nearby table made obscene remarks and aimed their video camera at the women with Alvarez. Id. at 1194. Alvarez and his friends confronted the three men who were leaving the restaurant asking why they were "disrespecting" the women. A loud argument ensued, including one of the men challenging Alvarez to a fight. After they went outside and further interaction between the groups and a threat to use deadly force, one of the three men, Mauricio Anjanel re-entered the restaurant and fatally shot Alvarez in the chest. Id. at 1192.

Although there had been prior incident of violence at the restaurant (id. at 1197 – 1198), the trial court granted a nonsuit after canvassing the evidence, explaining that:

> In cases such as here presented, where plaintiffs sue a party in negligence for damages produced by the criminal conduct of a third party, the crucial factor in duty analysis is foreseeability. Sharon P. v. Arman, Ltd. (1999) 21 Cal.4th 1181, 1189 (Sharon P.). Foreseeability, when examined to determine the existence or scope of a duty, is a question of law for determination by the court. Ann M., 6 Cal.4th at 678. The criminal acts producing the harm complained of must be 'foreseeable criminal acts of third parties that are likely to occur . . . .' Id., 6 Cal.4th at 674. This general analysis applies to all of plaintiffs['] duty theories.

Alvarez, 100 Cal. App. 4th at 1198. Further, the trial court explained in determining the question of law presented it as to foreseeability of criminal acts of third parties:

/ / /

> The injuries here complained of all flow from one of the worst forms of violence the human mind can imagine--murder. No one who testified in court and who was present at the restaurant that night thought, even in passing, that a murder might occur. The legal test of foreseeability, however, is objective rather than subjective. . . . The law on point is well-stated by the Restatement of Torts 2d: "The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about that harm." Rest. 2d Torts, § 435.

Alvarez, 100 Cal. App. 4th at 1198-1199 (affirming the granting of the nonsuit).

Here, it is undisputed that Plaintiff Veda Houngviengkham, as Renter, entered into a Lease with Schyman Family Trust, as owner, of the premises located at 545 N. Hayworth Ave., Los Angeles, CA (the "Premises") on about July 1, 2019. **UMF No. 1**. As part of the lease terms, Plaintiff agreed that she understood that the premise were not a full security complex and that Defendant, as owner, did not guarantee security." See **UMF Nos. 2 & 3.** She also agreed that she assumed the risk of residing at the premises without recourse against the Defendant, as owner. See **UMF Nos. 4 & 5.** On Jan. 18, 2020 at 4:30 a.m., Plaintiff returned from work to the premises. **UMF No. 6**. When she parked her car, two individuals assaulted, battered, and robbed her. **UMF No. 7**. Before this incident, Defendant was not aware of any other similar incidents at the Premises. **UMF No. 8.** Under these circumstances and without any evidence showing the criminal acts are foreseeable by Defendant, Plaintiff cannot maintain an action for negligence under a premises liability theory or otherwise. As there are no genuine issues of material fact, Plaintiff's claims fail as a matter of law.

### 3. The Criminal Acts of Others Are Superseding Causes.

The criminal acts of nonparties act as superseding causes such as to prevent Defendant from being held liable for any negligence, if such exists. See Strick v. United Ret. Plan Consultants, No. 2:16-cv-08206-AFM, 2018 U.S. Dist. LEXIS 238300, at *10-11 (C.D. Cal. July 13, 2018) (finding plaintiff had not provided any

evidence permitting a finding that criminal act in that case was not highly unusual, extraordinary, and unreasonably likely to happen). See also O'Keefe v. Inca Floats, No. C-97-1225 VRW, 1997 WL 703784, 1997 U.S. Dist. LEXIS 17088, at *11, 1998 AMC 645 (N.D. Cal. Oct. 31, 1997) ("independent illegal acts of third parties are deemed unforeseeable and therefore, the sole proximate cause of the injury which excludes negligence of another as a cause of injury."). See, generally, Jesse v. Malcmacher, No. 5:15-cv-01677-SVW-DTB, 2016 U.S. Dist. LEXIS 191944, at *29 (C.D. Cal. Apr. 5, 2016) ("[T]he illegal acts of third parties are unforeseeable as a matter of law.")(citing O'Keefe, supra, 1997 WL 703784, at *4).

Here, Plaintiff has not demonstrated that the criminal acts alleged in this case are not superseding causes relieving Defendant of any liability. Without such evidence, Defendant, even if negligent in some way that Plaintiff has not shown, would not be liable as the superseding acts of the non-parties bars recovery against Defendant.

As the U.S. Supreme Court explained:

> The doctrine of superseding cause is . . . applied where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable. It is properly applied in admiralty cases.
> ". . . The superseding cause doctrine can be reconciled with comparative negligence. Superseding cause operates to cut off the liability of an admittedly negligent defendant, and there is properly no apportionment of comparative fault where there is an absence of proximate causation." 1 T. Schoenbaum, Admiralty and Maritime Law § 5-3, pp. 165-166 (2d ed. 1994).

Exxon Co. v. Sofec, 517 U.S. 830, 837 (1996). ). As this court has also explained:

> A superseding cause is a "later cause of independent origin" that prevents an actor from being liable for harm caused by that actor's negligence. Farr v. NC Machinery Co., 186 F.3d 1165, 1168-69 (9th Cir. 1999). A superseding cause is more than a subsequent act in a chain of causation, but must be "an act that was not reasonably foreseeable at the time of the defendant's negligent conduct." USAir

*v. United States Dep't of the Navy*, 14 F.3d 1410, 1413 (9th Cir. 1994). An act is not foreseeable if, when "looking at the matter with hindsight, it seems extraordinary." *United States v. Pineda-Doval*, 614 F.3d 1019, 1029 (9th Cir. 2010). Where a third person's intentional tort or crime breaks the chain of causation, California law summarizes the principle of superseding cause as follows: "'The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the first person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.'" *Kane v. Hartford Accident & Indemnity Co.*, 98 Cal. App. 3d 350, 360, 159 Cal. Rptr. 446 (1979) (quoting Rest.2d Torts, §448). *Strick v. United Ret. Plan Consultants, No*. 2:16-cv-08206-AFM, 2018 U.S. Dist. LEXIS 238300, at *10-11 (C.D. Cal. July 13, 2018) (finding plaintiff had not provided any evidence permitting a finding that criminal act in that case was not highly unusual, extraordinary, and unreasonably likely to happen). *See also O'Keefe v. Inca Floats,* No. C-97-1225 VRW, 1997 WL 703784, 1997 U.S. Dist. LEXIS 17088, at *11, 1998 AMC 645 (N.D. Cal. Oct. 31, 1997) ("independent illegal acts of third parties are deemed unforeseeable and therefore, the sole proximate cause of the injury which excludes negligence of another as a cause of injury.*"). See, generally*, *Jesse v. Malcmacher*, No. 5:15-cv-01677-SVW-DTB, 2016 U.S. Dist. LEXIS 191944, at *29 (C.D. Cal. Apr. 5, 2016).

Before this incident, Defendant was not aware of any other similar incidents at the Premises. **UMF No. 8.** Accordingly, Plaintiff's claims based on action of others' criminal acts cannot as a matter of law proceed against Defendant. Accordingly, summary judgment for Defendant is granted dismissing the entirety of this action.

### E. Conclusion

Based on the foregoing, Defendant submits that Plaintiff cannot meet her burden as he did not have notice of any unsafe condition on the premises, including

but not limited to any similar incident, and cannot as a matter of law be liable for the criminal acts of others, such being superseding causes of Plaintiff's injuries. Furthermore, Plaintiff expressly assumed the risks and agreed not to hold the property owner liable. Given this and the lack of evidence in support of Plaintiff's claims, Defendant requests the Court enter summary judgment dismissing her action and other relief as deemed appropriate.

Dated:  March 20, 2023                     Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By _____

B. Otis Felder

Attorneys for Defendant Jeff Schyman erroneously sued as
SCHYMAN FAMILY TRUST

**PROOF OF SERVICE**
Code Civ. Proc., § 1013b
*Veda Houngviengkham, vs. Schyman Family Trust, et al.*
LASC, Court Case No. 21STCV35825
Attorneys Specially Appearing for Defendant,
Erroneously sued as Schyman Family Trust
WEMED File No.: 24503.00090

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is Fabiloa.Sanchez@wilsonelser.com

On **March 20, 2023**, I caused the foregoing document, entitled **MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT JEFF SCHYMAN IN SUPPORF OF MOTION FOR SUMMARY JUDGMENT DISMISSING ACTION BASED ON LACK OF BREACH OF DUTY AND SUPERSEDING CAUSE ARISING FROM CRIMINAL ACTS BY NONPARTIES** to be served on the person(s) identified in the attached Service List, at their respective electronic service address(es), by the below-indicated means:

**[X]** **(BY ELECTRONIC SERVICE)** I electronically served the foregoing document in PDF format.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 20, 2023**, at Los Angeles, California.

*Fabiola Sanchez*
Fabiola Sanchez


## SERVICE LIST
Code Civ. Proc., § 1013b
*Veda Houngviengkham, vs. Schyman Family Trust, et al.*
Attorneys Specially Appearing for Defendant, Schyman Family Trust
WEMED File No.: 24503.00090

| Behrouz Shafie, Esq.<br>BEHROUZ SHAFIE & ASSOCIATES<br>1575 Westwood Blvd., #200<br>Los Angeles, California 90024<br>T: (310) 201-8470<br>F: (310) 201-8472<br>Email: behrouzshafie@gmail.com | Attorneys for Plaintiff,<br>VEDA HOUNGVIENGKHAM |
|---|---|

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
281216554v.1